IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02589-REB-KLM

MICHAEL BACOTE JR,

     Plaintiff,

v.

WARDEN D. BERKEBILE,
J. COULTER (Psychology), and
GREEN (Education Department Specialist),

     Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Not to [sic] Eliminate Anyone on Complaint (Doc 6)** [#33][1] (the "Motion") and Plaintiff's letter to the Court docketed on January 16, 2014 [#35] (the "Letter").

On December 26, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint [#20] (the "Motion to Amend") which was granted on January 10, 2014 [#31]. On that day the Court accepted Plaintiff's proposed Amended Complaint which became the operative pleading. *See generally Amended Complaint* [#32]. In the Amended Complaint, Plaintiff names three Defendants, one of whom was named in the original Complaint [#1]. The Amended Complaint added two new Defendants and eliminated five originally named defendants. *Compare original Complaint* [#1] *with Amended Complaint* [#32].

Through the Motion and Letter, Plaintiff expresses dismay that the Amended Complaint eliminated claims against some of the former defendants named in the Complaint. Specifically, Plaintiff states, "I do not wish to delete or eliminate no body." *Letter* [#35] at 1. Plaintiff also requests that his Motion to Amend [#20] be denied and that the original Complaint [#1] be reinstated as the operative pleading. *Motion* [#33] at 1.

_____

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

While the Court is sympathetic that Plaintiff misunderstood the effect the Court's acceptance of his Amended Complaint [#32] would have, the Court has already ruled on Plaintiff's Motion to Amend and a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*  The instant situation does not meet this high standard.

However, if Plaintiff, who proceeds in this matter *pro se*, would like to file a Second Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Second Amended Complaint as a document separate from the Motion.  The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and defendants he intends to name in the proposed Second Amended Complaint.

IT IS HEREBY **ORDERED** that the Motion [#33] is **DENIED**.

IT IS FURTHER **ORDERED** that if Plaintiff wishes to amend his Amended Complaint, Plaintiff shall file a Motion to Amend along with his proposed Second Amended Complaint **on or before February 17, 2014**.

Dated:  January 16, 2014