IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02589-REB-KLM

MICHAEL BACOTE JR,

    Plaintiff,

v.

WARDEN D. BERKEBILE,
J. COULTER (Psychology),
GREEN, Education Department Specialist,
A.W. WARDEN (Overseas Psychology Department),
D. KRIST (SIA),
CAPTAIN R. KRIST,
CORRECTIONAL OFFICER A. BALSICK, and
CORRECTIONAL OFFICER G. SANDUSKY,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion for Leave to File an Amended Complaint** [#64][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion has been referred to the undersigned [#65]. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#64] be **GRANTED**.

As an initial matter, no Scheduling Order has been entered in this case setting a deadline for amendment of pleadings. Thus, the Motion is timely.

---

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

In addition, the Motion is filed pursuant to Fed. R. Civ. P. 15(a)(2), which allows for the filing of an amended complaint with the opposing party's consent and Defendants have consented to the filing of the proposed Amended Complaint [#64-1].

The unopposed amendment seeks to drop Defendants D. Berkebile, J. Coulter, Green, A.W. Warden, D. Krist, and R. Krist and to add Defendant Federal Bureau of Prisons.  A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988).  Whether motions to amend are dispositive is an unsettled issue.  *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases).  When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive.  *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  Thus, although the Motion is unopposed, the Court assumes that the issue is dispositive and requires a recommendation.  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#64] be **GRANTED** and that the Amended Complaint [#64-1] be accepted for filing.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 19, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge