IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02589-REB-KLM

MICHAEL BACOTE JR,

    Plaintiff,

v.

WARDEN D. BERKEBILE,
J. COULTER (Psychology),
GREEN, Education Department Specialist,
A.W. WARDEN (Overseas Psychology Department),
D. KRIST (SIA),
CAPTAIN R. KRIST,
CORRECTIONAL OFFICER A. BALSICK, and
CORRECTIONAL OFFICER G. SANDUSKY,

    Defendants.
_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Default Judgment Fed. R. Civ. P. 55** [#53][1] (the "Motion").  Defendants filed a Response [#61].  Plaintiff has not filed a reply and his time to do so has elapsed.  In his Motion, Plaintiff asks the Court to enter a default judgment against Defendants pursuant to Fed. R. Civ. P. 55. *Motio*n [#53] at 1-2.

    "[Federal] Rule [of Civil Procedure] 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013).  First, the party seeking a default judgment must request an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a).  *Id.*  After default has been entered by the Clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b).  *Id.*  Here, Plaintiff has not sought entry of default pursuant to Fed. R. Civ. P. 55(a).  Further, in

---

[1] "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Minute Order.

1

response to the Motion, the Clerk of the Court entered a note stating that, among other things, the Motion did not attach the required declaration or affidavit. *See generally Clerk's Note Regarding Default* [#55]. In addition, Defendants have appeared and participated in this litigation. *See, e.g., Defendants' Partial Motion to Dismiss* [#51]. Therefore, even if Plaintiff corrected the issues noted in the Clerk's Note Regarding Default, Plaintiff could not overcome Rule 55's limitation that default may only be sought when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . . ." Fed. R. Civ. P. 55(a). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#53] is **DENIED**.

Dated: June 9, 2014