IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02589-REB-KLM

MICHAEL BACOTE JR,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
G. SANDUSKY, Correctional Officer, and
A. BALSICK, Correctional Officer

    Defendants.

---

## ORDER

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court sua sponte.  As Plaintiff states in his Amended Complaint, he

> served as the lead-Plaintiff in a class action Complaint (the "[Class Action] Lawsuit"). *See Cunningham v. BOP*, 1:12-cv-01570-RPM-MEH.  More precisely, through the Lawsuit [Plaintiff] sought declaratory and injunctive relief regarding Defendant BOP's compliance with its own existing policies regarding the placement and treatment of mentally ill prisoners at ADX and with the requirements of the Eighth Amendment regarding mental health care for all prisoners who have been committed to Defendant BOP's custody at that facility.

*Am. Compl.* [#70] ¶ 25.  The Class Action Lawsuit remains pending in this Court.

    In this lawsuit, Plaintiff's second claim is essentially duplicative of the claims asserted in Class Action Lawsuit. *Compare id.* ¶¶ 39-42 (asserting Eighth Amendment claim) *with First Am. Compl.* [#67] ¶¶ 390-97 filed in 12-cv-01570-RPM-MEH (bringing Eighth Amendment claims on behalf of ADX inmates who suffer from serious mental

illnesses). In addition, Plaintiff asks the Court to "[e]nter an Order transferring [Plaintiff] to a prison facility equipped to address [his] serious mental illness" and to "[e]nter an injunction directing that Defendant BOP implement a program of mental health screening and diagnosis for the benefit of [Plaintiff]." *Id.* at 11. This requested relief is, in part, duplicative of the relief requested in the Class Action Lawsuit. *See First Am. Compl.* [#67] at 132-35 filed in 12-cv-01570-RPM-MEH.

The parties have engaged in extensive settlement negotiations in the Class Action Lawsuit. *See generally Minute Entry* [#170], *Minute Entry* [#171], *Minute Order* [#172], *Minute Entry* [#173], *Minute Order* [#185], *Minute Entry* [#187], *Minute Order* [#188], *Minute Entry* [#191], *Minute Entry* [#198], *Minute Entry* [#199], *Minute Order* [#207], *Minute Entry* [#210], *Minute Entry* [#211], *Minute Entry* [#214], *Minute Order* [#215], *Minute Entry* [#218], *Minute Entry* [#222], *Minute Entry* [#224], *Minute Order* [#228]. Continuation of the settlement conference in the Class Action Lawsuit is scheduled for January 6, 2015. *See Minute Order* [#228] at 1. Settlement of the Class Action Lawsuit is very likely to impact Plaintiff's claims in this lawsuit. Because of the overlap of issues between the instant case and the Class Action Lawsuit, the Court considers whether a stay of this litigation is appropriate.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to enter a stay. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). The "[C]ourt has inherent power to stay

proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's subject matter

3

jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

First, staying discovery may prejudice Plaintiff because there will be some delay in adjudication of his claims. Accordingly, the first *String Cheese Incident* factor weighs against a stay. However, the Court can mitigate this potential prejudice by limiting the length of the stay.

With regard to the second factor, it appears Defendants will not be burdened by a stay because a stay will conserve financial resources and avoid the risk of opposing legal rulings on similar claims in this case and the Class Action Lawsuit. A stay of this case will also allow Defendants to focus their resources on resolving the issues in the Class Action Lawsuit. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay.

With regard to the third and fifth factors, because of the potential for opposing legal rulings on the Eighth Amendment claims in this case and the Class Action Lawsuit, the Court finds that it is in the Court's and the public's interest for the Court to enter a limited

stay of this case while the settlement discussions in the Class Action Lawsuit continue. The Court therefore finds that the third and fifth *String Cheese Incident* factors weigh in favor of a stay.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. Accordingly,

IT IS HEREBY **ORDERED** that this case is **STAYED** for **90 days** while settlement discussions continue in the Class Action Lawsuit, 12-cv-01570-RPM-MEH. After 90 days, the Court will reevaluate the propriety of continuing the stay and may extend the stay if the Court determines that it is appropriate to do so. For purposes of clarification, the Court notes that a stay of this litigation does not deprive Plaintiff of his claims in this case or of his eventual ability to seek relief from the Court. It simply stops the case from moving forward for a period of time. Therefore, until the stay is lifted, the case will not move forward.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#72] is **DENIED without prejudice**. If the case proceeds after the stay is lifted, the parties may ask the Court to revive the pending motion to dismiss [#72] and pending Response [#76].

Dated: January 5, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge