IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02589-REB-KLM

MICHAEL BACOTE JR,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
G. SANDUSKY, Correctional Officer, and
A. BALSICK, Correctional Officer

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the following filings made by Plaintiff: (1) the **Motion for Appointment of Counsel** [#91] (the "First Counsel Motion"); (2) the **Pro Se Motion for the Appointment of Counsel Pursuant to Rule 17(c) Fed. R. Civ. P.** [#94] (the "Second Counsel Motion"); (3) the **Motion for Permissive Joinder** [#98] (the "Joinder Motion"); (4) the **Motion for Appointment of Counsel From the Existing Pro Bon[o] Panel to Represent Plaintiff** [#100] (the "Third Counsel Motion"); (5) a letter filed on March 12, 2015 [#102] (the "March 12 Letter"); (6) the **Motion to Grant Mandamus** [#104] (the Mandamus Motion"); and (7) a letter filed on March 30, 2015, which was filed as a motion, [#106] (the "March 30 Letter").

    As an initial matter, the First Counsel Motion [#91], the Second Counsel Motion [#94], and the Third Counsel Motion [#100] all seek the same relief: appointment of counsel to represent Plaintiff in this case. As a result, the First Counsel Motion and the Second Counsel Motion are moot.

    In the March 30 Letter, Plaintiff states that he would like to withdraw the March 12 Letter. *March 30 Letter* [#106] at 1. The entirety of the March 30 Letter is as follows:

Dear Judge Mix,

I am writing to you to let you know that Ed Aro wrote me telling me that he [is] trying to help me with the settlement in my case, so there fore [sic] I want to

1

> agree for his help. Also you can withdraw motion (#102)[.] Thank you Judge Mix.
>
> Michael Bacote Jr.

*March 30 Letter* [#106] at 1. As a result, the Court will mark the March 12 Letter [#102] as withdrawn and, to the extent that a ruling must issue on the March 30 Letter because it was filed as a motion, the Court will grant it.

As Plaintiff mentions in the March 30 Letter, he has been engaging in settlement discussions. *See, e.g.*, letter filed by Plaintiff on February 26, 2015 [#97] at 1 (discussing the settlement conference scheduled with Judge Hegarty); *March 12 Letter* [#102] at 1 (mentioning that Defendants have "requested to settle this civil action case"); *March 30 Letter* [#106] at 1. In addition, because some of Plaintiff's claims overlap with a class action lawsuit and the parties in that lawsuit are activity working to settle those related claims, this case was stayed on January 5, 2015. *See Order* [#92] at 5. As explained in that Order,

> a stay of this litigation does not deprive Plaintiff of his claims in this case or of his eventual ability to seek relief from the Court. It simply stops the case from moving forward for a period of time. Therefore, until the stay is lifted, the case will not move forward.

*Id.* at 5. At that time the Court denied without prejudice Defendants' pending motion to dismiss [#72] and explained that "[i]f the case proceeds after the stay is lifted, the parties may ask the Court to revive the pending motion to dismiss [#72] and pending Response [#76]." *Id.* Plaintiff filed the Joinder Motion [#98], Third Counsel Motion [#100], and Mandamus Motion [#104], after the Court stayed this case. However, while the stay is in place, "the case will not move forward." *Order* [#92] at 5. As a result, the Court will deny Plaintiff's pending motions without prejudice. *See Fidelity Nat'l Title Ins. Co. v. Pitkin Cnty. Title, Inc.*, Nos. 12-cv-03077-RM-KLM, 13-cv-01217-RM-KLM, 2014 WL 4947316, at *5 (D. Colo. Oct. 1, 2014) (denying motions without prejudice "because the stay remains in place"); *Arend v. Paez*, No. 12-cv-01270-WYD-CBS, 2014 WL 656852, at *2 (D. Colo. Feb. 20, 2014) (denying motions with leave to refile while the case is stayed); *Medved v. Deatley*, No. 12-cv-03034-PAB-MEH, 2013 WL 3353885, at *3 (D. Colo. July 2, 2013) (denying motions without prejudice while stay is pending). As with Defendants' motion to dismiss, if the case proceeds after the stay is lifted, Plaintiff may ask the Court to revive any of these motions. Accordingly,

IT IS HEREBY **ORDERED** that the First Counsel Motion [#91] and the Second Counsel Motion [#94] are **DENIED as moot**.

IT IS FURTHER **ORDERED** that the March 30 Letter [#106] is **GRANTED** and the March 12 Letter [#102] is deemed **WITHDRAWN**.

IT IS FURTHER **ORDERED** that the Joinder Motion [#98], Third Counsel Motion [#100], and Mandamus Motion [#104] are **DENIED without prejudice**. If the case proceeds after the stay is lifted, Plaintiff may ask the Court to revive any of these motions.

Dated: March 31, 2015